UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JUSTIN C.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-0878 (PJS/JFD)

ORDER

---

Petitioner Justin C., a citizen of Ecuador, was detained by Immigration and Customs Enforcement ("ICE") on January 11, 2026, and remains in ICE custody.[1] V. Pet. ¶ 1. He brings this habeas action seeking release or, in the alternative, a bond hearing. *Id.* at 16–17. He also asks that the Court order ICE "to transfer Petitioner back to Minnesota immediately." V. Pet. ¶ 2; *id.* at 16.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026).

While the petition fails to allege petitioner's place of confinement, the ICE detainee locator indicates that petitioner is detained at an ICE facility in El Paso, Texas.[2] In addition, petitioner alleges that he was quickly transported outside of Minnesota after his arrest and further asks for his immediate transfer back to Minnesota V. Pet. ¶¶ 2, 17.

While the Court is sympathetic to petitioner's plight, the Court cannot exercise jurisdiction over this action when it appears that he was, at the time that this action was filed, confined outside of Minnesota. The Court will therefore order petitioner to file a letter no later than Monday, February 2, 2026, identifying petitioner's place of confinement as of the date this action was filed. If petitioner fails to file a letter, or his letter indicates that he was confined outside of the District of Minnesota at the time that this action was filed, the Court will transfer this action to the Western District of Texas.

---

[2] *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT on or before February 2, 2026, petitioner must file letter identifying petitioner's place of confinement as of the date this action was filed.

Dated: January 30, 2026

Patrick J. Schiltz, Chief Judge
United States District Court