UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JUSTIN C.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Field Office Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-0878 (PJS/JFD)

ORDER

---

Petitioner Justin C., a citizen of Ecuador, was detained by Immigration and Customs Enforcement ("ICE") on January 11, 2026, and remains in ICE custody.[1] V. Pet. ¶ 1. He brings this habeas action seeking release or, in the alternative, a bond hearing. *Id.* at 16–17. Petitioner alleged that he was quickly transported out of Minnesota shortly after his arrest, *id.* ¶ 17, but did not allege his place of confinement. Petitioner has now clarified that, at the time he filed his petition, he was confined in an ICE facility in El Paso, Texas. ECF No. 5.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Courts make exceptions for cases in which a petitioner's location is unknown at the time of filing because, for example, the petitioner is in transit or the government has not disclosed his location. *Adriana M.Y.M. v. Easterwood*, No. 26-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026). That is not the case here, however; petitioner was transferred out of Minnesota more than two weeks before he filed this action and the government identified his place of confinement as El Paso, Texas.

The Court appreciates the equitable considerations that petitioner raises in favor of keeping this case in Minnesota. The Court believes that *Padilla* is clear, however, that "jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443. *Padilla* expressly rejected the argument that "the rule is flexible and should not apply on the 'unique facts' of this case." *Id.* at 436. And *Padilla* distinguished *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973), because *Braden* involved something other than a challenge to present physical confinement: "[N]othing in *Braden* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement." *Padilla*, 542 U.S. at 438.

This case falls squarely within the rule of *Padilla*, as petitioner is challenging his present physical confinement. The Court will therefore order that this action be transferred to the Western District of Texas.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT this matter is TRANSFERRED to the United States District Court for the Western District of Texas.

Dated: February 2, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court